IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH C. DEFARIA,

    Petitioner,        No. CIV-S-05-2296 JAM KJM P

    vs.

J. MARSHALL, Warden, et al.,

    Respondents.        <u>FINDINGS AND RECOMMENDATIONS</u>

                          /

1. <u>Background</u>

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.

        A jury convicted the petitioner of mayhem. Reporter's Transcript (RT) 409-410. Petitioner admitted he had a prior conviction for first degree burglary that qualifies as a "strike" under the Three Strikes Law. RT 32-33. The court sentenced the petitioner to the upper term of eight years, doubled under the Three Strikes Law, for a total of 16 years. RT 423. The court cited the petitioner's "viciousness and callousness" and his prior conviction as aggravating factors for justifying the upper term. RT 422-423. Petitioner challenges his sentence, and in particular, the denial of straight probation. Pet. at 4.

/////

1

2. <u>Standard of Review</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). <u>See</u> <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see</u> also <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). <u>Lockyer</u>, 538 U.S. at 71 (overruling <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1154-55 (9th Cir. 2000), in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by

/////

---

[1] In <u>Bell v. Jarvis</u>, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent <u>Bell</u> stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. <u>See</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>Ramirez</u>, 365 F.3d at 773-75.

§ 2254(d)). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

/////

1    It is appropriate to look to lower federal court decisions to determine what law has

2 been "clearly established" by the Supreme Court and the reasonableness of a particular

3 application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

4  3. Aggravating Factors Used to Deny Probation

5    Petitioner argues that a "fair reading of the sentencing transcript" shows that his

6 prior conviction was used to deny probation.  Opp'n, Ex. A at 1-2.  However, the transcript

7 states:

> This event showed – shows to me a high degree of viciousness and
> callousness.  Should you even have been eligible for probation, you
> wouldn't be getting probation.  You're statutorily ineligible for it.
> Compounding that though, sir, is your prior strike.  And this is the kind of
> case, I would submit, is one that when the people of the State of California
> passed the three strikes law inclusive of the two strikes law, that they were
> dealing with these – or individuals such as yourself; career criminals
> walking the streets.
>
> This is a waste though, Mr. Defaria.  You're a relatively young
> man, as Mr. Nelson puts it.  I see no other option available to me
> today.  Accordingly, as I indicated, you are statutorily ineligible for
> probation.  You would not be granted probation in any event.
>
> You'll be committed to the Department of Corrections for the
> aggravated term of eight years for the mayhem violation of 203 of
> the Penal Code.  Pursuant to 667(b) through (i), a second strike
> law, that eight-year term will be doubled for a total of sixteen
> years.

18 RT 422-423.  The court stated for the record that petitioner was statutorily ineligible for

19 probation.  It is unlikely that the prior conviction was used as an alternative ground to deprive the

20 petitioner of probation.  A fair reading of the record as a whole supports the conclusion that the

21 sentencing judge was applying the prior conviction as an aggravating factor to increase the

22 petitioner's sentence to eight years, the upper term.  This approach does not reflect an

23 unreasonable determination of the facts or application of federal law under the AEDPA.

24 Therefore, petitioner's claim must fail.

25 /////

26 /////

4. Aggravating Factors Used to Give Upper Term

When a "statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." Cal. Penal Code § 1170(b) (1999) (amended 2004, 2007). Furthermore, "the court may consider the record in the case, the probation officer's report, other reports . . . and statements in aggravation or mitigation." Id. In addition, "[t]he court shall set forth on the record the facts and reasons for imposing the upper or lower term." Id.

Applying this statute, the state court judge in this case selected the upper term, citing the petitioner's "high degree of viciousness and callousness" and his prior strike as aggravating factors. RT 422-423.

A.  Viciousness and Callousness

A criminal defendant is entitled to have a jury determine his guilt for "every element of the crime with which he is charged, beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 477 (2000). In order to determine whether or not a fact is an element of the crime, the court looks to whether such a finding would expose the defendant to a "greater punishment than that authorized by the jury's guilty verdict." Id. at 494.

Judges have discretion when imposing sentences "within the range prescribed by statute." Id. at 481.[2] Here, the judge's finding of a "high degree of viciousness and callousness" as a factor to increase the petitioner's sentence was therefore impermissible under Apprendi. Petitioner was entitled to a jury determination beyond a reasonable doubt in this case of "viciousness and callousness," because such a finding exposed him to the upper term of eight

---

[2] As the Supreme Court now has clarified, "[t]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis in original). If the judge's authority to impose an enhanced sentence depends on any aggravating facts, then the jury's verdict alone does not authorize the sentence, but the judge acquires the authority only when there is a finding of additional facts by the jury. Id. at 305.

years instead of the middle term of four years. In order to make a finding supporting imposition of the upper term, an aggravating factor must be found by the jury. The jury's guilt verdict was not enough, standing alone, to charge the petitioner with the upper term.

Notwithstanding this error, the petition should not be granted for reasons explained below.

### B.  Prior "Strike" Conviction

The use of a prior conviction is not considered one of the elements of a crime. Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998). Furthermore, a prior conviction that is used to increase a sentence beyond the prescribed statutory maximum does not need to be submitted to a jury. Apprendi, 530 U.S. at 489. Those facts that are admitted by a defendant also may be used as an aggravating factor, without jury determination. Blakely, 542 U.S. at 303.

Petitioner argues that based on the Supreme Court's current composition, Almendarez-Torres will likely be overturned. Opp'n, Ex. A at 3-4. It is not within the province of this court to predict the future state of the law; instead, the court must apply the current law.

Petitioner also contends that the ruling in Apprendi is in direct conflict with Almendarez-Torres. Opp'n, Ex. A at 3. However, as noted above, Apprendi endorses the view that a prior conviction can be used to increase a sentence without the use of a jury as the fact-finder.

Here, the court's use of the prior conviction should be upheld on the ground that, under Almendarez-Torres, it is permissible for the judge to use a prior conviction as an aggravating factor without a jury determination. As already noted, petitioner admitted that he had a prior conviction. RT 32.

Additionally, under California law, "a single factor of aggravation will support the imposition of an upper term." People v. Cruz, 38 Cal.App.4th 427, 433 (1995). Petitioner's sentence thus can be upheld based on the prior conviction alone.

/////

C.  Cunningham v. California

In a supplemental filing, petitioner argues that Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007), should apply to his case. Pet'r's Supp. Brief at 2-3. Cunningham stands for the proposition that the middle term, and not the upper term, is the statutory maximum sentence that can properly be imposed under California's sentencing scheme, and aggravating facts used to impose the upper term, with the exception of prior convictions, require a jury finding. Cunningham, 127 S. Ct. at 862, 868, 871. The Ninth Circuit recently has found that Cunningham did not create a new rule, and therefore can be applied retroactively on collateral review. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Cunningham, however, does not alter the judge's ability to make a finding of a prior conviction, or use an admission of a prior conviction, in identifying an aggravating factor during sentencing.

For the foregoing reasons, the petition for habeas corpus should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2008.

_____
U.S. MAGISTRATE JUDGE